Pearson, J.
 

 There is no error in the interlocutory order
 
 *31
 
 appealed from. The injunction ought to have been dissolved, on the ground that it was improvidently granted. The bill discloses the pendency of another suit, in which the relief prayed for might have been obtained upon a motion, or by petition in that cause, so, there was no necessity for a second original bill.
 

 In the second place, this bill cannot “stand alone.” It seeks merely for an inj unction against the action at law; and according to the course of this Court, except it be for the prevention of torts, an injunction is a secondary process, in aid of some primary equity which the bill seeks to have established. Here there is no primary equity in aid of which the injunction was asked for, which could be made the subject of this bill, or which it seeks to have established, because the plaintiff had already filed a bill for the purpose of having the equities of all the parties under the will of Mrs. Vail declared. That a bill will not lie simply for an injunction, except in case of torts, is clear. Eor instance, a mortgagor cannot maintain a bill to enjoin the mortgagee from taking possession; he must ground the bill upon his equity to redeem, and until that can be established an injunction will be issued, auxilliary. So one cannot maintain a bill to enjoin an execution on a judgment at law, except it be in aid of some equity against the legal right which the bill seeks to set up. So in all cases of the kind, some primary equity must be alleged, or the bill cannot stand.
 

 In the third place, considering the bill as a distinct and independent proceeding, the other defendants in the action at law are necessary parties, and it is only -when moving in the original cause that the plaintiff can be heard without joining the other obligors. He will then be permitted to make the motion alone in respect to the parties to that suit — it being necessary for the protection of himself and the other obligors who are
 
 Ms sureties
 
 — the rules concerning
 
 Üiq jpwtíes to a suit,
 
 not being applicable to a motion or petition in a cause which is pending and has been properly instituted.
 

 Per Curiam. Decretal order affirmed.